IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LUTHER WAYNE DILLON                                              PETITIONER

v.                      NO. 4:20-cv-01073 KGB-PSH

DEXTER PAYNE                                                     RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On May 31, 2019, petitioner Luther Wayne Dillon ("Dillon") pleaded no contest in an Arkansas state trial court to multiple counts of sexual assault. A sentencing order was entered, then amended on June 18, 2019, because of a scrivener's error marking a box which indicated that Dillon had received a death sentence for one of the counts of sexual assault. He did not appeal any aspect of his plea or sentence.[1]

On June 21, 2019, Dillon filed a pro se state trial court motion to withdraw his plea pursuant to Arkansas Rule of Criminal Procedure 26.1 ("Rule 26.1 motion"). In the motion, he alleged the following:

> … That my lawyer … did not do what I asked of him during the time he represented me. Especially when it came to subpoenas for CDL logs from 2010 through 2017 also witnesses on my behalf that lived at my house during the same time period of the so called allegations against me. … [My lawyer] only came to see me only 8 or 9 times during the 18 months I have been here and only for plea bargains. [My lawyer] also has lied and withheld information during this time and during reading my no contest plea on 5-31-19. … What [my lawyer] read to me Friday is not what I signed up for he left parts out when he read it to me and was marking the yes. … Plus, between 2010 and 2013 I didn't live in Harrison, AR, I lived in Gentry, AR …

---

[1] In the State of Arkansas, a plea of nolo contendere, or no contest, is treated as if it is a guilty plea. See Henry v. State, 2017 Ark. 28, 509 S.W.3d 630, 631 n.1 (2017). Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea. Although there are exceptions to that rule, see Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014), the exceptions were not applicable here.

<u>See</u> Docket Entry 6, Exhibit 3 at CM/ECF 1-3. Respondent Dexter Payne ("Payne") represents that "[t]he motion does not appear to have been ruled upon," <u>see</u> Docket Entry 6 at CM/ECF 1, a representation Dillon does not dispute and a representation the undersigned accepts as true for purposes of this Recommendation.

On September 8, 2020, Dillon began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he raised the following four claims :

> Ineffective Counsel. During 16 months incarcerated, only seen counsel 4 times. Counsel wouldn't answer phone calls. Counsel would not procure documentations that would show doubt in crime. Counsel would not subpoena babysitter that lived with accused for over a year for testimony.
>
> …
>
> Prosecutorial Misconduct. Evasive or incomplete disclosure, answer, or response to judgment, amended judgment and/or motion in a timely manner.
>
> …
>
> Due Process. Motion to withdraw plea was timely sent to Boone County Circuit Clerk[.] Was put in mail at Boone County Sheriff's Dept. on June 8, 2019, or close to it. Circuit Clerk and State Prosecution did not let defendant know about judgment or amended judgment.
>
> …

>  Negligence. Petitioner should have received notice of judgment [and] commitment order also copies of amended judgment and what was amended.

See Docket Entry 1 at CM/ECF 5, 7, 8, 10. Dillon asked that he be allowed to withdraw his plea and proceed to trial on the offenses.

Payne thereafter filed a response to the petition and asked that the petition be dismissed. Payne contended that the petition is time-barred and, alternatively, that "[Dillon's] claims are procedurally defaulted, waived by his plea, and/or not cognizable in habeas corpus." See Docket Entry 6 at CM/ECF 2.

Before giving serious consideration to Payne's assertions, the undersigned accorded Dillon an opportunity to file a reply. Dillon took advantage of the opportunity by filing a reply in which he re-alleged many of the claims he raised in his petition.[2]

---

[2] Dillon devoted much of his reply to addressing Payne's assertion that the petition at bar is untimely. For instance, Dillon maintained that the one-year limitations period was tolled during the time his Rule 26.1 motion was pending, a motion he allegedly placed in the institutional mail system on June 4, 2019, or five days after he pleaded no contest. Dillon additionally maintained that the petition at bar was filed within the one-year limitations period because he placed the petition in the institutional mail system on June 2, 2020, or more than three months before the petition was actually filed with the Clerk of the Court for the Eastern District of Arkansas and within one year of the June 18, 2019, amended sentencing order. The answer to the timeliness question is not self-evident, largely because it is not clear whether the petition at bar benefits in some way from the application of the "prison mailbox rule" set forth in Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned will bypass the timeliness question and will not address whether the petition at bar is timely.

Generally, the federal courts will not consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Wallace v. Lockhart, 12 F.3d 823 (8th Cir. 1994). A claim not presented to the state courts can nevertheless be considered if the petitioner can show cause for his procedural default and actual prejudice or, alternatively, show that the failure to consider the claim will result in a fundamental miscarriage of justice. See Id.

Dillon never presented the claims at bar to the state courts of Arkansas in accordance with its procedural rules, a fact he concedes. See Docket Entry 1 at CM/ECF 12. Although he raised his first claim in his Rule 26.1 motion, the motion was not properly filed as it was filed three days after the June 18, 2019, amended sentencing order was entered.[3] Dillon claims the benefit of a "prison mailbox rule," maintaining that the Rule 26.1 motion should be deemed to have been filed on June 4, 2019, when he placed it in the institutional mail system. There is no merit to his assertion for two reasons. First, although the State of Arkansas has a "prison mailbox rule," the rule only applies in the following instances:

---

[3]   Rule 26.1 provides, in part, that a plea may not be withdrawn under the Rule after the entry of judgment. Although a Rule 26.1 motion filed after the entry of judgment may be construed as a petition pursuant to Arkansas Rule of Criminal Procedure 37, see Coleman v. State, 2013 Ark. 152, --- S.W.3d --- (2013), Dillon's 26.1 motion was not construed as a petition pursuant to Rule 37.

> Arkansas Rule of Criminal Procedure 37.2 (2016) now includes a provision under which a Rule 37.1 petition will be deemed filed on the date that an incarcerated inmate deposited his or her petition in the prison facility's legal mail system, provided the conditions that are set out in the Rule have been satisfied. A similar provision is included in Arkansas Rule of Appellate Procedure—Criminal 2(b)(3) (2016) that allows an exception to the filing deadline, when certain conditions are met, for a notice of appeal of a judgment of conviction in circuit court or a circuit court order that denied postconviction relief under Rule 37. Ark. R. Crim. P. 37.2(g); see Anderson v. Kelley, 2016 Ark. 46, at 2, 2016 WL 447977 (per curiam). The requirements set out in the Rule do not apply to other pleadings that may be filed by incarcerated persons. …

See Howard v. Webber, 2017 Ark. 89, 512 S.W.3d 624, 625–626 (2017). There is no support for the proposition that the aforementioned rules apply to the filing of a motion pursuant to Rule 26.1. Second, assuming the rules apply to the filing of a Rule 26.1 motion, Dillon has offered little to support his assertion that he deposited the motion in the institutional mail system on June 4, 2019. Thus, he has procedurally defaulted the claims at bar, and the only question is whether his procedural default can be excused.[4]

---

[4] Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts recognizes a "prison mailbox rule." The rule is only applicable, though, to petitions filed pursuant to 28 U.S.C. 2254. It is also true that under an appellate rule requiring habeas corpus appeals to be filed within thirty days, a pro se prisoner's notice of appeal is deemed to be filed when the notice was delivered to prison authorities for forwarding to the Clerk of the Court. See Houston v. Lack, 487 U.S. 266 (1988). The "prison mailbox rule" identified in Houston v. Lack, though, "applies to pro se pleadings filed in federal court," and the Arkansas Supreme Court has consistently declined to adopt such a rule for state court pleadings. See Smith v. Norris, --- F.Supp.2d ---, 2009 WL 3378262, 4 (E.D.Ark. 2009) (Moody, J.).

Liberally construing Dillon's pro se pleadings, he appears to maintain that his procedural default should be excused because he only recently learned of new evidence. Specifically, he maintains that "[o]n or about the 16th day of May, 2020, [he] was informed and found evidence pertinent to file a writ of habeas corpus," see Docket Entry 1 at CM/ECF 16, the evidence being his trial attorney's allegedly inadequate representation. Dillon represents that his commercial driver's license ("CDL") records and property tax records were never obtained, and counsel coerced him into pleading no contest.

Dillon's assertions warrant no relief as he made the same assertions in his Rule 26.1 motion. See Docket Entry 6, Exhibit 3. Thus, he has known of his trial attorney's alleged failure to obtain the CDL records and property tax records, and of counsel's alleged coercion, since the day the Rule 26.1 motion was filed, i.e., June 21, 2019, or a mere three weeks after he pleaded no contest and almost fifteen months before he filed the petition at bar. He cannot now claim that he only recently learned of the evidence.

Liberally construing Dillon's pro se pleadings, he appears to offer a second reason why his procedural default should be excused. He appears to maintain that the procedural default should be excused because he did not have counsel in connection with his Rule 26.1 motion.

Martinez v. Ryan, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an "initial-review collateral proceeding."[5] The Martinez exception is of no benefit here, though, for three reasons. First, it is not clear that the proceeding Dillon commenced by filing a Rule 26.1 motion was an "initial-review collateral proceeding." Under Arkansas law, claims for post-conviction relief are to be raised in a petition pursuant to Arkansas Rule of Criminal Procedure 37, including challenges to counsel's assistance and to the validity of a plea. See Crosby v. Norris, 2010 WL 4175916 (E.D.Ark. 2010) (Cavaneau, M.J.), report and recommendation adopted, 2010 WL 4168430 (E.D.Ark. 2010) (Moody, J.).

Second, assuming the proceeding Dillon commenced by filing a Rule 26.1 motion was an "initial-review collateral proceeding, the Martinez exception only excuses the procedural default of a claim of ineffective assistance of trial counsel. The exception excuses no other claim.[6] Thus, the exception cannot save claims two, three, or four of the petition at bar.

---

[5]  "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." See Martinez v. Ryan, 566 U.S. at 17.

[6]  See e.g., Robinson v. Kelley, 2015 WL 4944130 (E.D.Ark. 2015) (Ray, M.J.), report and recommendation adopted, 2015 WL 4943588 (E.D.Ark. 2015) (Miller, J.) (Martinez cannot excuse default of claims of prosecutorial misconduct or trial court error).

Third, the Martinez exception only excuses the procedural default of a substantial claim of ineffective assistance of trial counsel, that is, the claim must have "some merit." See Martinez v. Ryan, 566 U.S. at 14. A "substantial claim" does not include a claim that is "wholly without factual support." See Id. at 16. Here, Dillon's claim of ineffective assistance of trial counsel is short on factual support. It is not clear how obtaining the CDL records and property tax records would establish his innocence, and his assertion that he was coerced into pleading no contest is belied by his solemn declarations in open court. See Docket Entry 6, Exhibit 1 at CM/ECF 3-7.

Liberally construing Dillon's pro se pleadings, he appears to maintain that he is actually innocent, a showing of which can excuse a procedural default. He is required to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). To establish the requisite probability, he must show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." See Id. at 327. Here, Dillon has not offered new evidence that affirmatively demonstrates he is innocent. He knew or should have known of the evidence he now offers at the time he pleaded no contest.

Accordingly, the undersigned finds that Dillon failed to give the state courts of Arkansas an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims at bar are procedurally barred from federal court review, and his petition should be dismissed for that reason.[7]

DATED this 14th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] Although Dillon's claims are procedurally barred from federal court review, brief mention will be made of the merits of his claims. His first claim—a challenge to his trial attorney's representation—lacks factual support. It is not clear how obtaining the CDL records and property tax records would establish Dillon's innocence, and his assertion that he was coerced into pleading no contest is belied by his solemn declarations in open court. He waived his second claim—a challenge to the prosecutor's alleged misconduct—when he pleaded no contest. See United States v. Cain, 134 F.3d 1345 (8th Cir. 1988) (guilty plea waives claim of prosecutorial misconduct). Dillon's third and fourth claims—a challenge to the state trial court's failure to timely file his Rule 26.1 motion and a challenge to his failure to receive notice of the amended sentencing order—do not raise federal constitutional issues. See Estelle v. McGuire, 502 U.S. 62 (1991). See also Frazier v. Kelley, 2018 WL 5904502 (E.D.Ark. 2018) (Kearney, M.J.), report and recommendation adopted, 2018 WL 5904492 (E.D.Ark. 2018) (Holmes, J.) (federal habeas corpus relief does not lie for errors of state law).